UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In Re Subpoena to:<br><br>POLARIS RECOVERY CENTER, LLC d/b/a MARYLAND ADDICTION RECOVERY CENTER.<br><br>Served in *RJ, et al. v. Cigna Health and Life Insurance Company, et al.*, Case No. 5:20-cv-2255-EJD (N.D. Cal.) | Misc. Case No.: _____ |

**CIGNA HEALTH AND LIFE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO COMPEL RESPONSES TO NON-PARTY SUBPOENA**

Pursuant to Rules 45(d)(2)(B)(i) and 45(g) of the Federal Rules of Civil Procedure, Cigna Health and Life Insurance Company ("Cigna") respectfully submits this memorandum of law in support of its motion to compel compliance with the subpoena ("Subpoena") issued to Polaris Recovery Center, LLC d/b/a Maryland Addiction Recovery Center ("MARC") in connection with *RJ, et al. v. Cigna Health and Life Insurance Co., et al.*, Case No. 5:20-cv-2255-EJD (N.D. Cal.) ("*RJ*"), a lawsuit pending in the U.S. District Court for the Northern District of California.

**PRELIMINARY STATEMENT[1]**

*RJ* is a putative nationwide class action, in which Cigna customers challenge Cigna's reimbursement of certain intensive outpatient substance abuse ("IOP") services that they received at a number of out-of-network ("OON") treatment centers. Plaintiffs in *RJ* contend that Cigna underpaid these OON IOP claims by allegedly paying them at less than the "usual and customary"

---

[1] Unless otherwise noted, all emphasis is added, and all citations, alterations, and internal quotation marks are omitted. References to Exhibits A through E refer to exhibits attached to the Declaration of Michael B. Kimberly in Support of Cigna's Motion to Compel Responses to Non-Party Subpoena, filed contemporaneously herewith.

or "maximum reimbursable charge" amounts allegedly set forth in Cigna-administered plans and by using certain repricing services of MultiPlan, Inc.

MARC—an OON substance abuse treatment center—treated several Cigna customers during the putative class period. MARC's documents are thus critically important, because MARC's IOP claims fall within the scope of the putative class, and also because Cigna reimbursed some of MARC's claims in the way that the *RJ* plaintiffs challenge as unlawful.

Cigna issued a narrow Subpoena to MARC. At a high level, the Subpoena seeks documents that relate to: (1) MARC's charges and reimbursements for IOP services it provided to Cigna customers; (2) MARC's practices for billing Cigna customers for its IOP services, as well as MARC's practice of accepting negotiated discounts for such services; and (3) communications that MARC received from Cigna (or third-party vendors) regarding Cigna's use of such third-party repricing vendors for these IOP claims, given the plaintiffs' allegations in *RJ* that Cigna allegedly misrepresented how it would reimburse such claims.

MARC did not respond to the Subpoena within the time prescribed by Rule 45. And when MARC did belatedly respond, it issued a set of boilerplate objections to the Subpoena in its entirety, and refused to produce a ***single*** document. Worse, after Cigna sent a detailed letter explaining why the Subpoena seeks relevant information and offering to meet and confer with MARC to at least narrow the disputed issues before bringing this motion to compel, MARC refused to engage entirely—telling Cigna that it would stand on its objections.

MARC's refusal to engage with its discovery obligations violates Rule 45, and it unfairly deprives Cigna of important discovery. MARC's untimely objections should not be considered at all. *See, e.g., Williams v. Big Picture Loans, LLC*, 303 F. Supp. 3d 434, 441 (E.D. Va. 2018) ("failure to object timely ***waives any objection***"). And even if MARC's objections were to be

considered, none of them has merit, for the reasons below. The Court should enforce the Subpoena accordingly.

## FACTUAL BACKGROUND

**I.    Cigna's Subpoena to MARC Seeks Limited Categories of Documents That Are Highly Relevant to the *RJ* Litigation.**

*RJ* was filed by three Cigna customers who received IOP services at an OON provider called Summit Estate, Inc. ("Summit"). These customers allege that Cigna and MultiPlan conspired to underpay Summit's IOP claims. Specifically, they allege that Cigna should have paid Summit's claims at the "usual and customary rate" or the "maximum reimbursable charge" (as the plaintiffs allege those terms are defined in Cigna-serviced health benefit plans), and that Cigna allegedly underpaid these claims by using MultiPlan's Viant outpatient repricing ("OPR") product to achieve discounted rates from billed charges. Based on these disputed OON reimbursements, Plaintiffs have brought claims against Cigna and MultiPlan for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Critically, however, the claims at issue in *RJ* are not limited to just Summit's IOP claims. Instead, the plaintiffs propose to represent a **nationwide** class of all Cigna customers and dependents "whose claims for out-of-network behavioral health treatment . . . were underpaid and/or repriced by Defendants"—that is, **all** Cigna customers and dependents whose OON IOP claims were allegedly underpaid as a result of Cigna's use of MultiPlan's Viant OPR product. (*See RJ*, ECF No. 63 ¶ 403.) MARC (an OON provider in Maryland) provided IOP services to Cigna customers that were priced in this manner, and MARC's IOP claims fall within the putative class.

To test plaintiffs' allegations that Cigna supposedly underpaid claims from their OON providers, Cigna served non-party subpoenas on fourteen OON providers across the country—

MARC being one of them.  (*See* Ex. A.)  In serving these subpoenas, Cigna was mindful of the limitations that Rule 45 imposes on non-party discovery.  Cigna thus carefully limited these subpoenas to focus on a narrow universe of documents that are indisputably relevant to the *RJ* litigation and that are appropriately tailored to non-parties, in three ways.

First, Cigna limited every one of its requests to documents "sufficient to show" or "sufficient to describe" the requested information, rather than seeking each and every document that relates to a particular topic.  (*See* Ex. A, Requests Nos. 1-13.)

Second, the topics addressed by these requests go to the heart of the plaintiffs' claims against Cigna.  For example, because plaintiffs in *RJ* contend that their OON providers' claims should have been paid at a higher "usual and customary" rate than what they have been paid already, Cigna sought discovery to establish what OON providers like MARC bill for their IOP services (*i.e.*, billed charges) versus what they actually accept in practice.  (*Id.*, Requests Nos. 2-4, 11.)  As another example, because the *RJ* plaintiffs contend that Cigna violated RICO by allegedly making false representations to OON providers about its IOP reimbursement practices, the Subpoena seeks documents related to representations made by Cigna or any third-party repricing vendors regarding the reimbursement of these challenged OON IOP claims.  (*Id.*, Requests Nos. 1, 6-7, 9.)

Third, Cigna's non-party subpoenas incorporate lessons-learned from a similar fight over non-party discovery that took place in *LD, et al. v. United Behavioral Health, et al.*, Case No. 4:20-cv-2254-YGR (N.D. Cal.) ("*LD*"), a parallel lawsuit over reimbursement of OON IOP claims pending against United Behavioral Health ("United") in the Northern District of California.  In that matter, United served subpoenas on 25 non-party OON providers.  Plaintiffs in *LD*—represented by the same counsel as the *RJ* plaintiffs—argued that the subpoenas were improper,

raising many of the same objections that MARC raised in its letter. The magistrate judge permitted United's subpoenas to go forward, however, subject to certain narrowing revisions. (*See* Ex. B, 4:20-cv-2254-YGR, ECF No. 125 ¶ 5.) Anticipating that non-party OON providers in this *RJ* litigation may raise similar objections to Cigna's subpoenas as Plaintiffs raised in the *LD* case, Cigna carefully tailored its non-party subpoenas here to take the *LD* court's rulings into account.

## II. MARC Fails to Timely Object; When It Finally Responds, MARC Refuses to Meet and Confer with Cigna, and Refuses to Produce a Single Document.

Cigna's good-faith efforts to avoid disputes and discovery motion practice were unavailing, however—because MARC made no real efforts to comply with its Rule 45 discovery obligations, or to at least narrow the issues in dispute before Cigna had to bring this motion.

Cigna served the Subpoena on April 26, 2022, setting the compliance date as May 26, 2022. (Ex. A at 3.) The plain language of Rule 45 says that MARC's objections were due fourteen days after service—*i.e.*, by May 10, 2022. Fed. R. Civ. P. 45(d)(2)(B) ("objection[s] must be served before the ***earlier*** of the time specified for compliance or 14 days after the subpoena is served").

May 10 came and went, but MARC failed to serve any objections—or indeed, to respond to Cigna at all. Finally, counsel for MARC sent a letter on May 16. (Ex. C.) But rather than serve responses and objections to each of the categories of documents the Subpoena requested—the bare minimum that would allow Cigna to understand the basis for MARC's objections—MARC simply asserted that "the Subpoena is unreasonably burdensome, impermissibly overbroad, outside the scope of the case and, potentially, harassing." (*Id.* at 1.) MARC also asserted that it did not have to comply with the Subpoena because it "contains no HIPAA waivers," "was not accompanied by a Court Order signed by a judge directing MARC to produce the relevant information," and also because the Subpoena "is issued upon the authority of a Court of foreign jurisdiction." (*Id.*)

As detailed below, all of these purported and untimely objections are meritless. But Cigna still sought to work with MARC to try and resolve these issues and avoid motion practice. On May 18, Cigna sent a letter to MARC, addressing its objections in detail, and offering to "meet and confer to discuss any of the issues raised above or any other concerns that MARC may have to save the time and resources of the parties and the Court." (Ex. D, at 3.) Once again, these efforts were unsuccessful. On May 24, MARC told Cigna that "MARC stands on the objections raised in [its] letter of May 16, 2022," and it declined to meet and confer. (Ex. E.) Cigna was thus left with no option but to proceed with this Motion.

## LEGAL STANDARD

Cigna's motion to compel is properly brought in this court, given that the Subpoena directs MARC to produce documents in this district. Fed. R. Civ. P. 45(d)(2)(B)(i) ("the serving party may move the court for the district *where compliance is required* for an order compelling production or inspection"); Ex. A at 3 (directing MARC to produce documents at 10304 Eaton Pl., Ste. 100, Fairfax, VA 22030). This Court has authority to compel MARC's compliance with the Subpoena under Rules 45(g) and 45(d)(2)(B)(i). *See* Fed R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena"); Fed. R. Civ. P. 45(d)(2)(B)(i) (authorizing courts to issue "an order compelling production" of documents).

The permissible "scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *In re Emp. Background Investigations, Inc.*, 2017 WL 3722836, at *4 (D. Md. Aug. 29, 2017). Rule 26 allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance is not . . . a high bar," *Virginia Department of Corrections v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019), and "[i]nformation sought need only appear [to be]

reasonably calculated to lead to the discovery of admissible evidence to pass muster." *CX Reinsurance Co. Ltd. v. City Homes, Inc.*, 2018 WL 5080944, at *2 (D. Md. Oct. 18, 2018).

Finally, while Rule 45(d)(2)(B)(ii) provides certain protections to non-parties that are served with subpoenas, with the aim of "protect[ing] . . . [them] from significant expense resulting from compliance," Cigna has already addressed these concerns by narrowly tailoring the Subpoena to MARC in the first instance, and also by offering to meet-and-confer with MARC to discuss any legitimate burden concerns that it may have. In any event, these protections for non-parties do not change the fact that "the scope of discovery for a non[-]party litigant under a subpoena duces tecum [is] the same as the scope of a discovery request made upon a party to the action, and a party is entitled to information that is relevant to a claim or defense in the matter." *Bell Inc. v. GE Lighting, LLC*, 2014 WL 1630754, at *6 (W.D. Va. Apr. 23, 2014) (alteration in original).

## ARGUMENT

### I. MARC Waived Any Objections to Cigna's Subpoena By Failing to Timely Object.

Objections to a subpoena must be "served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Cigna served MARC with the Subpoena on April 26, 2022, which means that MARC's objections were due fourteen days later—on May 10, 2022. MARC did not respond to Cigna on or before May 10, however. Instead, MARC waited until May 16, and then simply sent a short letter to Cigna with boilerplate objections rather than respond with proper objections to each document request.

In the Fourth Circuit, "normally, failure to object [to a subpoena] timely **waives any objection**." *Williams*, 303 F. Supp. 3d at 441; *see also In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344, 349 (W.D. Va. 1999) (holding same and collecting cases). Courts recognize a limited exception to this rule in "unusual circumstances and for good cause shown," including "where counsel for the nonparty and for the subpoenaing party were in contact with respect to the

nonparty's compliance prior to the time the nonparty challenged the subpoena." *Williams*, 303 F. Supp. 3d at 441.

No such "unusual circumstances" are present here. MARC did not respond to Cigna's Subpoena *at all* until May 16. And when it finally did respond, MARC never even tried to articulate any basis for its failure to respond within the time required by Rule 45(d)(2)(B), let alone articulate circumstances that would constitute good cause. (*See* Ex. C at 1.) MARC thus cannot show good cause for its failure to comply with Rule 45(d)(2)(B), and whatever objections MARC belatedly raised should be disregarded. *See, e.g.*, *Williams*, 303 F. Supp. 3d at 442 (finding belated objections "waived" in the absence of "good cause"); *Robinson v. C&B Tax Inc.*, 2021 WL 5632086, at *4 (E.D.N.C. Nov. 19, 2021) ("Because Respondent has failed to object to the documents requested[,] any objection has been waived.").

**II.      Even If They Were to Be Considered, None of MARC's Objections Has Merit.**

Even if the Court considers MARC's objections—and it should not, given that they are untimely, and given that MARC has provided zero specifics to substantiate its boilerplate objections—none of them has merit, and the Court should enforce Cigna's Subpoena as issued.

**A.      MARC's Objections to Relevance Are Meritless.**

In its letter, MARC contends that *all* of the topics addressed by the Subpoena are "overbroad" and "outside the scope of the case." (Ex. C at 1.) This is baseless.

First, MARC fails to explain *why* it believes that every single document request in the Subpoena apparently seeks irrelevant information. Rule 34 obligates parties to "state *with specificity* the grounds for objecting to the [document] request, including the reasons," on a request-by-request basis. Fed. R. Civ. P. 34(b)(2)(B). And courts have sensibly extended this requirement to non-party objections as well, holding that "a non[-]party's Rule 45(d)(2)(B) objections to discovery requests in a subpoena are subject to the same prohibition on general or

boiler-plate objections and requirements that the objections must be made with specificity and that the responding party must explain and support its objections." *Am. Fed'n. of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015).

MARC's boilerplate objections here illustrate why this rule makes sense: MARC's failure to provide ***any*** explanation for its relevance objections make it impossible for Cigna (and by extension, this Court) to understand whether these purported relevance concerns have any real basis. Neither Cigna nor this Court should have to guess at why MARC apparently believes that every single document request in the Subpoena seeks irrelevant information.

Second, MARC's relevance objections ignore the broad scope of Rule 26. "Relevance is not . . . a high bar," *Jordan*, 921 F.3d at 188, and "[i]nformation sought need only appear [to be] reasonably calculated to lead to the discovery of admissible evidence to pass muster." *City Homes, Inc.*, 2018 WL 5080944, at *2. Moreover, courts have held that "[a] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder," and "[w]here relevance is in doubt . . . the court should be permissive." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680-81 (N.D. Cal. 2006).

Here, the relevance of the documents that the Subpoena seeks is not even in doubt—because those documents go to core issues in *RJ*. That includes, for example, documents that Cigna needs to ascertain how much OON providers like MARC bill for their IOP services, and what they actually accept as payment for those services (amounts that are often very different from billed charges). (Ex. A, Requests Nos. 2-4.) This information is necessary for Cigna to rebut the plaintiffs' allegations that Cigna underpaid claims from their OON providers, and to determine whether members in the putative class actually suffered cognizable losses.

Other document requests in the Subpoena seek equally relevant information, including, for example, documents related to representations regarding OON IOP reimbursement (to rebut plaintiffs' allegations that Cigna allegedly made false representations about such reimbursements); MARC's communications with Cigna customers regarding the IOP services at issue that MARC provided; MARC's balance-billing practices for its IOP services for Cigna customers; and MARC's negotiations with third-party vendors for reimbursement of its IOP services for Cigna customers. (Ex. A, Requests Nos. 1, 6-7, 9, 11).

Finally, it is critically important for Cigna to obtain this information from a meaningful number of OON providers whose claims fall into the putative class—so that Cigna can properly assess the typicality and commonality of the named Plaintiffs' claims, and to also assess to what extent there may be relevant differences between different Cigna customers and different OON providers whose claims are covered by the putative class. Any of the above reasons alone is enough to show relevance; taken together, that conclusion is inescapable.

### B.   MARC Has Failed to Demonstrate Any Undue Burden.

Because MARC opposes the Subpoena, it is MARC's burden to establish that producing the documents would be unduly burdensome. *See Sherrill v. DIO Transp., Inc.*, 317 F.R.D. 609, 614 (D.S.C. 2016) ("The burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted."). MARC cannot make this showing.

First, courts in the Fourth Circuit routinely hold that undue burden objections must be made with specificity. *See, e.g.*, *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010) (requiring "a ***particularized showing*** of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law."); *Robinson*, 2021 WL 5632086, at *3 (same). MARC did not even try to meet this burden in its response to the Subpoena. Instead, MARC simply asserts that "the Subpoena is unreasonably burdensome."

(Ex. C at 1.) This is a textbook example of an improper boilerplate assertion, and it provides zero explanation as to ***why*** MARC would suffer an undue burden from having to produce this discovery.

<u>Second</u>, there is no reason to think that it would be unduly burdensome for MARC to comply with the Subpoena. The Subpoena seeks MARC's internal policies with respect to its charges, reimbursements, and negotiations for its IOP services, as well as its billing records and communications for a small group of Cigna customers who received IOP services at MARC during the relevant time period (and whom Cigna has already offered to help identify). This information almost certainly already exists in digital form on MARC's servers, and it should not be burdensome to collect and produce.

To the extent MARC had any legitimate objections that any of the requests are, in fact, unduly burdensome, Cigna was ready and willing to meet and confer with MARC to try to resolve those concerns. MARC declined to do so. Rule 45 simply does not permit any entity who receives a subpoena—whether a non-party or not—to fail to respond to a properly-served subpoena, assert boilerplate objections, and then refuse to engage in meet and confers, the way that MARC did here. Such recalcitrance violates Rule 45.

    **C.**    **Cigna Properly Issued and Served the Subpoena.**

Another one of MARC's makeshift objections is that it supposedly does not have to comply with the Subpoena because it was "issued upon the authority of a court of foreign jurisdiction" (*i.e.*, the U.S. District Court for the Northern District of California) and was not "domesticated in Maryland." (Ex. C at 1.)

This is baseless as well. The Subpoena ***had*** to be issued from the U.S. District Court for the Northern District of California, because that is where the *RJ* litigation is pending. Fed. R. Civ. P. 45(a)(2) ("A subpoena ***must*** issue from the court where the action is pending."). And there was no need for Cigna to "domesticate[]" this Subpoena in Maryland before serving it on MARC,

11

because "[a] subpoena may be served at any place within the United States." Fed. R. Civ. P. 45(b)(2).  By now, MARC should be aware that these objections are meritless, given that Cigna has already explained these same points in its May 18 letter.  (Ex. D at 2–3.)

**D.     HIPAA Regulations Do Not Bar MARC's Compliance with the Subpoena.**

Finally, MARC objected to producing documents because the Subpoena "contains no HIPAA waivers purportedly signed by any individual who may have been treated by MARC," and "was not accompanied by a Court Order signed by a judge directing MARC to produce the relevant information."  (Ex. C at 1.)

This is another meritless objection.  HIPAA regulations "permit discovery of protected health information so long as a court order or agreement of the parties prohibits disclosure of the information outside the litigation and requires the return of the information once the proceedings are concluded." *M.R. by & through N.R. v. Tajdar*, 2019 WL 3323207, at *4 n.5 (D. Md. July 24, 2019).  That is precisely the protective order that the *RJ* court entered on April 30, 2020.  (Ex. A at 30.)  Given the nature of the case, that order was specifically worded to comply with HIPAA and other applicable laws and regulations protecting patient privacy and sensitive healthcare information.  (Ex. A at 31 (protective order stating that it was "intended to comply with [HIPAA]" and "regulations adopted thereunder").)

More specifically, the *RJ* protective order satisfies the relevant HIPAA regulations because it:  (1) prohibits disclosure of confidential information other than for "prosecuting, defending, or attempting to settle this litigation" (*id.* at 37–38); and (2) requires that "each Receiving Party must return all Protected Material to the Producing Party or destroy such material" within 60 days of final disposition.  (*Id.* at 40–41.)  It also specifically covers confidential materials that may be produced by non-parties like MARC, stating that "the terms of this Order are applicable to information produced by a Non-Party," and also stating that "such information produced by Non-

12

Parties in connection with this litigation is protected by the remedies and relief provided by this Order." (*Id.* at 39.)

Again, none of this is a surprise to MARC. The instructions to the Subpoena specifically said that MARC should produce responsive documents "pursuant to . . . the Stipulated Protective Order" entered in *RJ*, and Cigna attached a copy of that order as Exhibit B to the Subpoena. (*Id.* at 4, Instruction No. 21.) Moreover, after MARC raised these objections, Cigna explained in its May 18 letter that the *RJ* court had entered a HIPAA-compliant protective order, and that "to the extent a document MARC plans to produce contains PHI [personal health information], MARC can designate that information as 'Confidential' pursuant to the Protective Order and Cigna will treat it accordingly." (Ex. D at 2.) Finally, Cigna also told MARC in that same letter that "to the extent MARC has concerns about any particularly sensitive PHI, Cigna is willing to meet and confer or discuss whether such documents should be marked as Confidential—Attorneys' Eyes Only." (*Id.*) MARC's continued insistence on its baseless objections, even after Cigna's explanations, is inexplicable.

## **CONCLUSION**

For the foregoing reasons, Cigna respectfully requests this Court enter an order compelling MARC to comply with the Subpoena within 30 days of the issuance of the order.

Dated: June 24, 2022   Respectfully submitted,

By:   */s/ Michael B. Kimberly*
Michael B. Kimberly

**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:   (202) 756-8000
Facsimile:    (202) 756-8087
Email: mkimberly@mwe.com

Joshua B. Simon (*pro hac vice* forthcoming)
Warren Haskel (*pro hac vice* forthcoming)
Dmitriy Tishyevich (*pro hac vice* forthcoming)
Caroline Incledon (*pro hac vice* forthcoming)
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone:   (212) 547-5400
Facsimile:    (212) 547-5444
Email: jsimon@mwe.com
           whaskel@mwe.com
           dtishyevich@mwe.com
           cincledon@mwe.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

14