# EXHIBIT B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# ZOOM CIVIL MINUTE ORDER

| Case No.: 20-cv-02254-YGR | Case Name: LD v. United Behavioral Health | |
|---|---|---|
| **Chief Magistrate Judge: JOSEPH C. SPERO** | **Date**: April 1, 2022 | **Time:** 52 M (9:31-10:23) |

**Attorney for Plaintiff:** Matt Lavin, David Lilienstein, Aaron Modiano
**Attorney for Defendant:** Geoffrey Sigler for UBH; Craig Caesar for Dft Multi-Plan

**Deputy Clerk:** Karen Hom          **Court Reporter:** Marla Knox

## ZOOM WEBINAR PROCEEDINGS

1. Discovery Hearing re: Joint Letters [117] and [120] – Held
2. Motion for Leave to File Exhibit ISO Joint Letter [dkt 121] – Granted.

## ORDERED AFTER HEARING

As to the Joint Letters, ECF 117 and ECF 120 – for the reasons stated on the record, relief is granted in part, denied in part as follows:
1. The court will not allow redactions of relevant documents except on the basis of attorney client privilege or attorney work product, other than for the names of the putative class members (at this stage of the case). The parties should meet and confer on a system so that an anonymous but consistent identifier can be substituted for the names of the putative class members on documents produced. AEO designation can be used for other confidential materials.
2. As to the image quality of the documents, the Plaintiff shall provide a Bates list of problematic documents to Defendant by 4/8/2022. Defendant shall produce legible copies of the documents on the Bates list by 4/15/2022.
3. Neither party has used TAR to produce documents thus far in the case. The court noted that if TAR is used, the entire TAR process must be disclosed to the other side. The parties are directed to meet and confer on the use of TAR.
4. Request for bi-weekly discovery conferences is denied.
5. With respect to the third-party subpoenas at issue, they are quashed other than the requests listed below (but without prejudice to revisiting the issue as to the quashed paragraphs should the situation change):
    a. With respect to all paragraphs of the document request, substitute "Documents sufficient to show" for "all documents."
    b. Document requests 1,2,3,4,6,7,11,14
    c. 8 but only with respect to policies, procedures or documents sufficient to show amounts you normally receive or accept for IOP claims.
    d. 10 and 12 but only with respect to documents sufficient to show communications from Defendants to the provider prior to treatment (e.g. verification of benefits) regarding amount of payment for these IOP claims from class members.

   e. 15 but only with respect to communications regarding the instant lawsuit.
6. Defendants shall give notice in advance to the Plaintiff of any meet and confer conference with the subpoenaed parties at issue in this joint letter regarding substantive scope of document production by the subpoenaed parties.  Plaintiff can choose to attend the meeting but may not insist on a change of the date or time.